# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

     v.                                                        **Case No. 04-CR-133**

**MARK ETINNE**
        **Defendant.**

## SENTENCING MEMORANDUM

Defendant Mark Etinne pleaded guilty to distributing 50 grams or more of crack cocaine, contrary to 21 U.S.C. §§ 841(a)(1) & (b)(1)(A), and I set the case for sentencing. In imposing sentence, I first calculate the advisory sentencing guideline range; then consider any requests for departure from that range pursuant to the Sentencing Commission's policy statements; and, finally, determine the actual sentence under all of the factors set forth in 18 U.S.C. § 3553(a). See, e.g., Rita v. United States, 127 S. Ct. 2456, 2465 (2007); United States v. Samuels, 521 F.3d 804, 815 (7th Cir. 2008); United States v. Cull, 446 F. Supp. 2d 961, 962 (E.D. Wis. 2006). In this memorandum, I set forth the reasons for my determinations.

### I. GUIDELINES

The parties agreed that defendant sold a government informant 51 grams of crack, which produced a base offense level of 30 under U.S.S.G. § 2D1.1(c)(5). Because he promptly entered a plea of guilty and accepted responsibility for his conduct, the parties further agreed that he was entitled to a 3 level reduction under § 3E1.1, producing a final offense level of 27. Coupled with his undisputed criminal history category of VI, level 27 produces an imprisonment range of 130-162 months. I adopted these guideline calculations.

## II.  DEPARTURE

The government moved for a departure to reward defendant for his substantial assistance in the prosecution of others. In ruling on a substantial assistance motion, I consider:

(1) . . . the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

(2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

(3) the nature and extent of the defendant's assistance;

(4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;

(5) the timeliness of the defendant's assistance.

U.S.S.G. § 5K1.1(a).

I give substantial weight to the government's evaluation of the extent of the defendant's assistance, U.S.S.G. § 5K1.1 cmt. n.3, but the extent of the departure is within my discretion. In attempting to quantify the departure, I typically use the method suggested by the Seventh Circuit of granting something on the order of a 2-level adjustment for each factor found to be fully present, with a lesser reduction for those factors partially present. United States v. Matthews, 463 F. Supp. 2d 916, 918 (E.D. Wis. 2006).

As discussed more fully on the record, defendant engaged in pro-active cooperation, which allowed the government to prosecute two offenders and obtain substantial prison sentences in federal court. His cooperation also led to convictions in state court. Given the significance of this cooperation, I awarded a 2 level reduction under the first factor. The government agreed that defendant's information was truthful, complete and reliable, which warranted a 2 level reduction under the second factor. I also granted 2 levels under the third

2

factor, as defendant engaged in pro-active cooperation, making controlled buys of narcotics, in addition to providing information. I awarded no reduction under the fourth factor because there was no evidence of specific danger or risk. Finally, I awarded 1 level under the fifth factor, as defendant agreed to cooperate promptly; because the record contained no indication that the timeliness was particularly significant in any investigation, I did not award a full 2 levels. Therefore, I awarded a total reduction of 7 levels.

## III. SENTENCE

### A. Section 3553(a) Factors

In imposing the ultimate sentence, the district court must consider all of the factors set forth in 18 U.S.C. § 3553(a). United States v. Harris, 490 F.3d 589, 593 (7th Cir. 2007), cert. denied, 128 S. Ct. 963 (2008). Those factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the advisory guideline range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

3

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The statute requires the court, after considering these factors, to impose a sentence that is "sufficient but not greater than necessary" to satisfy the purposes of sentencing – just punishment, deterrence, protection of the public and rehabilitation of the defendant. Id. While the district court must "give respectful consideration" to the guidelines in determining a sufficient sentence, Kimbrough v. United States, 128 S. Ct. 558, 570 (2007), it may not presume that the guideline sentence is the correct one, Rita, 127 S. Ct. at 2465; see also Gall v. United States, 128 S. Ct. 586, 602 (2007) (stating that the "Guidelines are only one of the factors to consider when imposing sentence"). Rather, § 3553(a) and its parsimony provision control the sentencing decision. See United States v. Wachowiak, 496 F.3d 744, 747-48 (7th Cir. 2007) ("Although the guidelines are treated as advisory after Booker, the application of section 3553(a) is mandatory.").

However, because Booker did not alter the rules pertaining to statutorily required sentences, the court may not rely upon the § 3553(a) factors as a basis for sentencing below a mandatory minimum. See, e.g., United States v. Duncan, 479 F.3d 924, 930 (7th Cir.), cert. denied, 128 S. Ct. 189 (2007). Nevertheless, the court may consider the § 3553(a) factors above the minimum, then rely upon its evaluation of the defendant's substantial assistance as a basis for sentencing below the minimum. See United States v. Coyle, 506 F.3d 680, 683 (8th Cir. 2007); United States v. Beamon, 373 F. Supp. 2d 878, 887 (E.D. Wis. 2005).

4

**B.	Analysis**

**1.	Nature of Offense**

On October 1, 2003, a confidential informant ("CI") arranged to buy 2 ounces of crack cocaine from defendant. Equipped with a recording device, the CI completed the deal under the supervision of agents, then turned over 51.3 grams of crack, which later tested positive. The government obtained an indictment in 2004, but defendant was not arrested on the federal warrant until May 2006.

**2.	Character of Defendant**

Defendant's was thirty-seven years old, with a fairly significant record, including several juvenile adjudications and adult convictions for battery, disorderly conduct, possession of marijuana and drug paraphernalia, obstructing an officer, recklessly endangering safety, felon in possession of a firearm, and theft by false representation. Defendant joined a gang at a young age, dropped out of school and started selling drugs to get the fancy things he wanted quickly rather than by working. As he acknowledged at sentencing, that approach had not gotten him very far; he had spent much of his life in and out of prison. He fathered several children with different women and owed a significant amount of back child support.

However, he seemed to be doing much better the past few years, with no further convictions since 2003.[1] He obtained steady employment, volunteered at a local community center and tried to become more involved in his children's lives, particularly his daughter Markela. Defendant admitted past use of marijuana, but that seemed to have stopped as well,

---

[1] As noted, defendant made the sale leading to the instant indictment in 2003, yet was not arrested until May 2006. By that time, he had gone three years with committing a criminal offense. As defendant claimed at sentencing, it appeared that he had, on his own initiative, made the decision to leave criminality behind prior to the commencement of this case.

5

and after some early problems he complied with his pre-trial release conditions. I noted that despite this good progress his correctional treatment needs included getting a GED and some vocational training, which I recommended to the Bureau of Prisons ("BOP").

### 3. Guidelines and Purposes of Sentencing

In consideration of his recent good conduct, and the fact that the guideline range in this case was based on the crack/powder disparity, see Kimbrough, 128 S. Ct. at 575 (holding that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case"), I elected to depart from the statutory minimum of 120 months, rather than the slightly higher guideline range. In this case, the 7 level departure I found appropriate equated to a 50% reduction, leading to a sentence of 60 months. Under all of the circumstances, I found such a sentence sufficient but not greater than necessary.

## IV. CONCLUSION

Therefore, I committed defendant to the custody of the Bureau of Prisons for 60 months. I recommended that he be placed at a facility as close to southeast Wisconsin as possible, and participate in any GED classes, vocational training programs, and drug treatment programs available, including the 500 hour program. Upon release, I ordered him to serve five years of supervised release. Although the government's § 3553(e) motion allowed imposition of a lesser term, I found the five years necessary to ensure that he was monitored and addressed his treatment needs. As conditions, I required defendant to participate in a program of drug testing and treatment, to avoid any gang association, to re-pay the buy money expended in this
6

case, and to cooperate with the Child Support Enforcement Unit in payment of any child support or arrearages. Other terms and conditions of the sentence appear in the judgment.

Dated at Milwaukee, Wisconsin, this 16th day of October, 2008.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge