# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

    v.                                                         **Case No. 04-CR-133**

**MARK ETINNE**
        **Defendant.**

## DECISION AND ORDER

Defendant Mark Etinne seeks for a sentence reduction pursuant to guideline Amendment 782. In order to explain why the motion must be denied, it is necessary to first set forth the procedural history of this case and defendant's subsequent federal case.

### I.

On May 9, 2006, the government unsealed the indictment against defendant in this case, charging him with distribution of more than 50 grams of cocaine base. (R. 3.) At the time, that offense carried a statutory penalty of 10 years to life in prison. Defendant appeared on the indictment on May 16, 2006. (R. 5.) The magistrate judge initially detained defendant but later allowed his release. (R. 26, 27.) On November 21, 2007, defendant pleaded guilty to the indictment (R. 37) and, following several adjournments, he appeared for sentencing on October 15, 2008 (R. 54).

At the sentencing hearing, I found defendant responsible for 51 grams of crack cocaine, which produced a base offense level of 30 under U.S.S.G. § 2D1.1(c)(5) (2007), then subtracted 3 levels for acceptance of responsibility under U.S.S.G. § 3E1.1, for a final offense level of 27. Coupled with his criminal history category of VI, level 27 produced an imprisonment

range of 130-162 months. The government filed a motion under U.S.S.G. § 5K1.1, and I granted a 7 level reduction. In exercising discretion under 18 U.S.C. § 3553(a), and on consideration of the crack/powder cocaine disparity reflected in the guidelines, see Kimbrough v. United States, 552 U.S. 85 (2007), I elected to depart from the statutory minimum of 120 months, rather than the slightly higher guideline range. The 7 level departure equated to a 50% reduction, and I imposed a sentence of 60 months. (R. 52.) I granted defendant voluntary surrender, and the Bureau of Prisons designated him to report on December 18, 2008; on the joint request of the parties, I later extended that date by 30 days. (R. 58.)

However, on January 15, 2009, defendant was arrested by state authorities and charged in Racine County Circuit Court with a new drug offense. On January 21, 2009, I issued a warrant to act as a detainer. (R. 60.) The state charges were subsequently dismissed after the government obtained an indictment in Case No. 09-CR-35 charging defendant with six counts of crack cocaine distribution while on pre-trial release in Case No. 04-CR-133. (Case No. 09-CR-35, R. 1.) He appeared in federal court on that case on February 18, 2009, pursuant to a writ of habeas corpus ad prosequendum. (Case No. 09-CR-35, R. 4, 6.) Defendant subsequently pleaded guilty to count three of the indictment in Case No. 09-CR-35, and on October 28, 2009, Judge Randa sentenced him to 60 months in prison running consecutively to the sentence in Case No. 04-CR-133. Judge Randa ordered defendant remanded to the custody of the United States Marshal. The judgment indicates defendant was at the time in state custody (Case No. 09-CR-35, R. 17), and on November 2, 2009, the Marshal filed a detainer with the Racine County Jail (Case No. 09-CR-35, R. 20).[1]

---

[1]Defendant contends that he did not officially enter federal custody until November 10, 2010; the government contends that he was in custody on November 12, 2008. The sentence

2

On March 12, 2013, I granted defendant's unopposed motion under 18 U.S.C. § 3582(c)(2) based on guideline Amendment 750, reducing his sentence in Case No. 04-CR-133 from 60 to 54 months.[2] (R. 67.) Defendant subsequently filed a § 3582(c)(2) motion in Case No. 09-CR-35, which Judge Randa denied on June 27, 2014. (Case No. 09-CR-35, R. 27.)

**II.**

On August 10, 2015, defendant filed a letter seeking review of his sentence in this case under guideline Amendment 782. That Amendment, which the Commission has designated for retroactive application, U.S.S.G. § 1B1.10(d), generally reduces offense levels in drug trafficking cases by 2. In defendant's case, Amendment 782 drops the base level to 24, U.S.S.G. § 2D1.1(c)(8) (2014), and the range to 77-96 months. In a case where the court had authority to sentence below the range based on a substantial assistance motion, the court may under § 3582(c)(2) grant a reduction comparably less than the amended guideline range. U.S.S.G. § 1B1.10(b)(2)(B).

As the government notes in its response, however, defendant has already completed the sentence in Case No. 04-CR-133, and the court is not allowed to reduce a sentence to less than the term of imprisonment already served. U.S.S.G. § 1B1.10(b)(2)(C). While it is true that defendant remains in the custody of the Bureau of Prisons, that is because of the 60 month

---

computation document defendant attaches to his reply brief indicates that the computation began on September 12, 2010, with 45 days of jail credit, producing a full term release date of July 28, 2010. (R. 75 at 3.) Defendant's current projected release date, according to the BOP's website, is December 23, 2018; this date would appear to account for good time credit on defendant's sentences, plus the 6 month reduction granted in 2013.

[2]Amendment 750 reduced defendant's base level to 26, U.S.S.G. § 2D1.1(c)(7) (2012), and his range to 92-115 months. Granting a "comparable" reduction for substantial assistance, as allowed by U.S.S.G. § 1B1.10(b)(2), I imposed a new sentence of 54 months.

3

consecutive sentence imposed in Case No. 09-CR-35. In United States v. Parker, 472 Fed. Appx. 415 (7th Cir. 2012), the court upheld the denial of a § 3582(c)(2) motion where the defendant had already completed the sentence reduced by retroactive guideline amendment, even though he remained in custody on a consecutive sentence for a different crime:

> Parker's consecutive sentences were aggregated by the BOP for administrative purposes, but the sentences nevertheless remain distinct terms of imprisonment imposed for his separate convictions. See United States v. Stewart, 595 F.3d 197, 202 (4th Cir. 2010); United States v. Gamble, 572 F.3d 472, 474-75 (8th Cir. 2009). Applying the amendment to Parker's completed crack sentence would not be consistent with the Commission's policy statements, and the district court appropriately denied Parker's motion under § 3582(c)(2).

Id. at 417.

In his reply, defendant cites a Fourth Circuit habeas corpus case[3] and a Mississippi state statute,[4] but he provides no authority contrary to Parker and Gamble in the § 3582(c)(2) context allowing a reduction to his aggregate sentence.[3] Defendant takes issue with the government's claim that he started the sentence in Case No. 04-CR-133 in 2008, completing it sometime in 2013, contending that he entered federal custody officially on November 10, 2010. But even if I use November 10, 2010 as the commencement date on his (now) 54 month sentence and ignore any good time credit, defendant completed the sentence in this case by May 2015, and no reduction under Amendment 782 may take effect prior to November 1, 2015. U.S.S.G. § 1B1.10(e).

---

[3]Rowe v. Peyton, 383 F.2d 709 (4th Cir. 1967) (finding federal habeas corpus available to attack allegedly unconstitutional state sentences to be served in the future).

[4]Miss. Code Ann. § 47-5-139(2) ("An offender under two (2) or more consecutive sentences shall be allowed commutation based upon the total term of the sentences.").

[3]Nor does he claim that Amendment 782 would permit a reduction in the sentence imposed in Case No. 09-CR-35.

4

**III.**

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 71) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 15th day of October, 2015.

                                        /s Lynn Adelman
                                        LYNN ADELMAN
                                        District Judge